**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| In Re: | Case No. 20-50259 |
| Eric M. Gentry<br>Tara Lynn Gentry | Chapter 13 |
| Debtors. | Judge Gregory R. Schaaf |

### OBJECTION TO MOTION TO REINSTATE AUTOMATIC STAY (DOC. 70)

U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 BKM-TT, and/or its assigns ("Creditor") by and through their undersigned counsel, hereby files this Objection to Debtors' renewed Motion to Reinstate Automatic Stay ("Motion").

1. The Debtors filed this Chapter 13 case on February 13, 2020 – referred to as the "Petition Date."

2. The Trustee of the estate of the debtors in this case is Beverly M. Burden.

3. On August 19, 2022, Creditor filed and then properly served upon Debtors, its motion for relief from the automatic stay regarding the property located at 449 LUCILLE DR., LEXINGTON, KY 40511 (the 'Property'). The Debtors did not bother to respond to the motion in any way, and the motion was granted per the Cout's Order of September 06, 2022, Doc. 55. That Court Order has never been vacated, the Debtors have still not moved to vacate that Court Order, and that Court Order remains in full force and effect.

4. As of April 18, 2024, the underlying loan related to that property is currently in default for September 01, 2022, in the amount of $28,213.45. The Debtors admit

in their motion that they do not have full reinstatement funds. A breakdown of the reinstatement is as follows:

| | |
|---|---|
| Principal and interest | $14,754.20 |
| Escrow T&I | $7,648.79 |
| Corporate Adv Total | $6,319.15 |
| Late charges | $118.04 |
| Less unapplied funds | $626.73 |
| Total reinstatement | $28,213.45 |

5. The Debtors' original motion to reinstate stay was filed on March 12, 2024, more than eighteen months after the Court's September 6, 2022 Order was entered, and the motion was subsequently withdrawn. The Debtors have now filed a renewed motion. The Debtors' motion remains both nonsensical as submitted, and again improper in form. In addition, the relief that Debtors seek has not been requested in a timely manner.

6. The Debtors have again filed a motion to reinstate the stay, yet admit that they do not have full reinstatement funds. However, the Debtors then cite to Rule 60 in the body of their motion, which is proper in a motion to vacate an order which they have not filed. A motion to vacate a Court's Order must be brought under the provisions of Federal Rule of Bankruptcy Procedure 9024 which incorporates Federal Rule of Civil Procedure 60(b) (Rule 60) into practice under the Bankruptcy Code. Even if the Debtors had filed the proper motion, the Debtors have not demonstrated that any of the six grounds necessary under this Rule to

relieve a party from a final judgment, order, or proceeding apply in this case. (i.e. 1. mistake, inadvertence, surprise, or excusable neglect; 2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; 4. the judgment is void; 5. the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 6. any other reason that justifies relief. The Debtors do not argue that the Order in question was issued by any mistake of the Court, but simply offer a supposed explanation as to why the Debtors fell behind in their mortgage payments without explaining why they failed to respond to Creditor's motion for relief from stay way back in 2022. In fact, the Debtors fail to provide any appropriate basis in statute or case law to support their motion to reinstate stay.

7. Again, the Debtors' original motion was filed on March 12, 2024, more than eighteen months after the Court's September 6, 2022 Order was entered. This renewed motion was filed even later, on April 12, 2024. Per Federal Rule of Civil Procedure 60(c), a motion brought under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Debtor's motion in fact references reason (1) --- "mistake." The Debtors fail to offer any explanation at all as to the tardiness of their motion, which they have filed as a desperate last effort on the eve of foreclosure sale.

WHEREFORE, for the above stated reasons, Creditor respectfully requests that Debtors' Motion to Reinstate Automatic Stay be denied.

Respectfully Submitted,

/s/ Jon J. Lieberman
Jon J. Lieberman (86802)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Creditor

## NOTICE

All parties shall take notice that the foregoing Objection shall come on for hearing before the U.S. Bankruptcy Court, US Bankruptcy Court, 2nd Floor Courtroom, 100 East Vine Street, Lexington, Kentucky on May 02, 2024 at 9:30 am.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by the method set forth below, upon the below listed parties on April 18, 2024.

**By Notice of Electronic Filing to:**

 Ryan R. Atkinson, Debtors' Counsel
 rra@ask-law.com

 Beverly M. Burden, Trustee
 Notices@Ch13EDKY.com

 Office of the U.S. Trustee
 ustpregion08.lx.ecf@usdoj.gov

**By United States mail to:**

Eric M. Gentry, Debtor
449 Lucille Dr
Lexington, KY 40511-8797

Tara Lynn Gentry, Debtor
449 Lucille Dr
Lexington, KY 40511-8797

/s/ Jon J. Lieberman
Jon J. Lieberman (86802)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Creditor